# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL VALENZUELA, | ) | CASE NO. 19-CV-06230 |
|     Plaintiff, | ) | |
| v. | ) | JUDGE: SHARON JOHNSON COLEMAN |
| O'HARE TOWING SERVICE, | ) | MAGISTRATE JUDGE: SUNIL R. |
|     Defendants. | ) | HARJANI |

## ANSWER & AFFIRMATIVE DEFENSES

NOW COMES Defendant, O'Hare Towing Service, by and through its attorney, Rory K. McGinty, and for Defendant's Answer and Affirmative Defenses to the Complaint of Employment Discrimination, states as follows.

## ANSWER

1. This is an action for employment discrimination.

    **ANSWER**: Paragraph 1 is declarative of the nature of the Complaint and requires no Answer. Notwithstanding this and without waiver, Defendant admits that this is an action for alleged employment discrimination.

2. The Plaintiff is Daniel Valenzuela of the county of Cook in the state of Illinois.

    **ANSWER**: Defendant admits that the Plaintiff is Daniel Valenzuela. Defendant lacks sufficient information to admit or deny that Mr. Valenzuela is of the County of Cook in the State of Illinois.

3. The defendant is O'Hare Towing Service, whose street address is 2424 Wisconsin Ave., (city) Downers Grove (county) DuPage (state) Illinois (ZIP) 60515 (Defendant's telephone number) (630)-796-6756.

**ANSWER**: Defendant admits allegations in Paragraph 3.

4. The plaintiff sought employment or was employed by the defendant at (street address) 2424 Wisconsin Ave (city) Downers Grove (county) DuPage (state) Illinois (ZIP code) 60515.

**ANSWER**: Defendant admits allegations in Paragraph 4.

5. The plaintiff [check one box]

    (a) \_\_\_ was denied employment by the defendant.

    (b) \_\_\_ was hired and is still employed by the defendant.

    (c) XXX was employed but is no longer employed by defendant.

**ANSWER**: Defendant admits allegations in Paragraph 5.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) October, (day) 27, (year) 2017.

**ANSWER**: Defendant denies allegations in Paragraph 6.

7.1. *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal government agency, and the plaintiff [check one box] XXX has \_\_\_ has not filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) XXX the United States Equal Employment Opportunity Commission, on or about (month) January (day) 12 (year) 2018.

   (ii) XXX the Illinois Department of Human Rights, on or about (month) January (day) 12 (year) 2018.

(b) If charges were filed with an agency indicated above, a copy of the charge is attached. XXX Yes, ___ No, but plaintiff will file a copy of the charge within 14 days.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that the policy was not followed in this case.

**ANSWER**: Defendant admits allegations in Paragraph 7.1. Defendant denies allegations in the attached Charges. The policy of the Equal Employment Opportunity Commission and the Illinois Department of Human Rights regarding cross-filing of charges speaks for itself and requires no Answer.

7.2. The defendant is a federal government agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

___ Yes (month) _____ (day)_____ (year)_____

___ No, did not file Complaint for Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) _____ (day) _____ (year) _____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

___ Yes ___ No, but a copy will be filled within 14 days.

(ii) Final Agency Decision

___ Yes ___ No, but a copy will be filled within 14 days.

**ANSWER**: Paragraph 7.2 is not applicable and does not require an Answer.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ___ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) XXX the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received, by the plaintiff on (month) July (day) 3 (year) 2019 a copy of which *Notice* is attached to this complaint.

**ANSWER**: Defendant admits allegations in Paragraph 8. The Notice of Right to Sue speaks for itself and requires no Answer.

9. The defendant discriminated against the plaintiff because of the plaintiff's [check only those that apply]:

(a) ___ (Age Discrimination Employment Act).

(b) ___ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) XXX Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ___ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ___ (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(t) ___ Religion (Title VII of the Civil Rights Act of 1964).

(g) ___ Sex (Title VII of the Civil Rights Act of 1964).

**ANSWER**: Defendant denies allegations in Paragraph 9.

10. If the Defendant is a state, county, municipal (city, town or village) or other local government agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

**ANSWER**: Paragraph 10 is not applicable and does not require an Answer.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. §791.

**ANSWER**: Defendant admits allegations in Paragraph 11.

12. The defendant [check only those that apply]

   a. ___ failed to hire the plaintiff;

   b. X terminated the plaintiff's employment;

   c. ___ failed to promote the plaintiff;

   d. ___ failed to reasonably accommodate the plaintiff's religion;

   e. X failed to reasonably accommodate the plaintiff's disabilities.

   f. ___ failed to stop harassment;

   g. ___ retaliated against the plaintiff because the plaintiff did something to assert rights protected by laws identified in paragraphs 9 and 10 above;

   h. other (specify): _____.

**ANSWER**: Defendant denies allegations in Paragraph 12.

13. The facts supporting the plaintiff's claim of discrimination are as follows: Requesting more than 4 times, still refuse provide reasonable accommodation ASL sign language require by ADA law, refuse provide during meeting. TESLA training class, refuse hire interpreter certificate during interview job, they using other driver employee came in to do his best able sign language. Damage to my rights, harassment, suffering stressing, disrespectful.

    **ANSWER**: Defendant denies allegations in Paragraph 13.

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally and wilfully discriminated against the plaintiff.

    **ANSWER**: Paragraph 14 is not applicable and does not require an Answer.

15. The plaintiff demands that the case be tried by a jury. XXX Yes ___ No

    **ANSWER**: Paragraph 15 states Plaintiff's Jury Demand and does not require an Answer.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check only those that apply]

    (a)   ___ Direct the defendant to hire the plaintiff.

    (b)   ___ Direct the defendant to re-employ the plaintiff.

    (c)   ___ Direct the defendant to promote the plaintiff.

    (d)   ___ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e)   ___ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ___ Direct the defendant to (specify): _____.

(g) XXX If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney's fees and expert witness fees.

(h) XXX Grant such other relief as the Court may find appropriate.

**ANSWER**: Defendant, O'HARE TOWING SERVICE, prays for entry of an Order of this Court as follows:

A. Denying all relief sought in the Complaint for Employment Discrimination; and

B. Granting such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. The Complaint and all causes of action alleged therein fail to state a cause of action against the Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18. Defendant's treatment of Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons that were unrelated to Plaintiff's alleged complaints of discrimination on the basis of disability.

19. In the alternative, if any action taken by Defendant was motivated in part by

7

discrimination and/or retaliation, which allegations Defendant denies, Defendant would have taken the same action irrespective of such motive.

### THIRD AFFIRMATIVE DEFENSE

20. To the extent that Plaintiff alleges lost wages and/or other economic harm, the factor of disability provided no basis for those lost wages or other economic harm.

### FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff cannot state a claim for discrimination on the basis of disability because any reasonable accommodation for Plaintiff would have caused an undue hardship on the operation of Defendant's business.

### FIFTH AFFIRMATIVE DEFENSE

22. Plaintiff cannot recover damages for failure to accommodate because Defendant consulted with plaintiff in good faith to identify and make a reasonable accommodation that would not cause undue hardship on the operation of Defendant's business.

### SIXTH AFFIRMATIVE DEFENSE

23. Plaintiff cannot state a claim for discrimination on the basis of disability because Plaintiff negotiated, and consented to, the terms and conditions of his employment, including the negotiation of reasonable accommodations provided by Defendant, at the time of Plaintiff's hiring and throughout his employment.

### SEVENTH AFFIRMATIVE DEFENSE

24. If Defendant is found to have violated the ADA or any other statute prohibiting discrimination on the basis of disability, which allegations Defendant denies, Plaintiff cannot recover punitive damages because at no time did Defendant act with malice or reckless

indifference.

## EIGHTH AFFIRMATIVE DEFENSE

25. This Defendant reserves the right to allege further Affirmative Defenses and to amend the foregoing Affirmative Defenses based on evidence disclosed in or as a result of discovery.

WHEREFORE, Defendant, O'HARE TOWING SERVICE, prays for entry of an Order of this Court as follows:

    A.    Denying all relief sought in the Complaint for Employment Discrimination; and

    B.    Granting such other relief as this Court deems just and proper.

s/Rory K. McGinty
Law Offices of Rory K. McGinty, P.C.
Attorney for Defendant

Prepared By:
Rory K. McGinty
Law Offices of Rory K. McGinty, P.C.
5202 Washington, Ste. 5
Downers Grove, IL 60515
Phone 630-743-9907
Fax 630-743-9910
Email lorkmpc@gmail.com
Atty No. 6196929