**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Daniel Valenzuela, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Magistrate Judge Sunil Harjani |
| v. ) | |
| ) | 19 CV 06230 |
| O'Hare Trucking Service, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO SUBMIT SETTLEMENT LETTER**

NOW COMES Plaintiff Daniel Valenzuela ("Mr. Valenzuela"), by and through his limited scope attorney, JANAAN HASHIM, and pursuant to Federal Rule of Civil Procedure 6(b), respectfully requests that this Court enter an order extending the time for Mr. Valenzuela to submit his settlement letter from October 22, 2020 up to and including November 5, 2020, and for subsequent deadline dates to be extended accordingly. In support of his unopposed motion, Mr. Valenzuela states as follows:

1. Mr. Valenzuela is a *pro se* litigant and is culturally deaf. His native language is American Sign Language ("ASL"), which is not the same as the English language as ASL has different grammar and syntax than spoken English.

2. Mr. Valenzuela's counsel is a settlement assistance program counsel appointed by this Court on July 21, 2020.

3. Mr. Valenzuela filed his complaint (Doc. # 12) alleging violations of the Americans With Disabilities Act. The complaint included 75 pages of exhibits. Mr. Valenzuela later filed a motion for default judgment (Doc. #20) which included 95 pages of exhibits. Many of the exhibits include parts of relevant text messages and email threads between the parties.

4. On September 9, 2020, a preliminary settlement discussion was held with this Court, defense counsel and plaintiff's counsel. The following deadlines were agreed to and entered by this Court (Doc. #48):

    - Mr. Valenzuela would submit his settlement letter on October 22, 2020;
    - Defendant would provide its response on November 5, 2020; and
    - the next status hearing would be on November 10, 2020.

5. On September 15, 2020, at plaintiff's counsel's request, defendant provided an electronic copy of Mr. Valenzuela's answers to defendant's interrogatories and document production requests. Document production included parts of relevant text messages and email threads between the parties.

6. As a *pro se* litigant, Mr. Valenzuela was unaware of, and thus did not provide, written discovery in the traditional manner as used between attorneys. Instead, his interrogatory answers included documents and his document production referred to his interrogatory answers and included additional documents.

7. Reviewing all of the written discovery is taking significantly more time than anticipated for the following reasons:

    - Documents span two sets of pleadings, answers to defendant's interrogatories, and document production to defendant's document production requests.
    - Many of the documents are parts of conversations from text messages that appear across the various means of document production, causing the need to ensure that

conversations provided are accurately pieced together and as complete as possible.

- Because ASL is not spoken English, understanding the content of the text messages and email threads is taking significantly more time than anticipated.
- Because Mr. Valenzuela and Plaintiff's counsel speak different languages, the two must use an interpreter and other tools of communications which have slowed down the process of preparing the settlement letter.

8. Plaintiff respectfully requests a 14-day extension of time, up to and including November 5, 2020 to submit his settlement letter and for the subsequent deadlines to be extended by 14 days as well. Counsel for plaintiff would like to ensure that she has sufficient time to understand the written communications between the parties and that Mr. Valenzuela has sufficient time to review the settlement letter. Because of the language differences, Mr. Valenzuela will be reviewing the settlement letter drafts with counsel and with the use of an interpreter to ensure Mr. Valenzuela understands the substance of the settlement letter and that it properly reflects Mr. Valenzuela's intentions.

9. The requested extension is sought in good faith and not for the purposes of undue delay or prejudice.

10. This is Mr. Valenzuela's first request to extend the deadline to submit to his settlement letter.

11. Counsel for Defendant has no objection to this motion.

WHEREFORE, Plaintiff DANIEL VALENZUELA respectfully requests that this Honorable Court grant an extension of time to submit his settlement letter up to and including November 5, 2020, to extend the subsequent deadlines accordingly, and to grant such relief as the Court finds reasonable and just.

Respectfully Submitted,

*/s/ Janaan Hashim*
_____
Plaintiff's Limited Scope Attorney

Janaan Hashim
Amal Law Group, LLC
225 W. Washington Boulevard
Suite 2200
Chicago, Illinois 60606
708-361-3600

**CERTIFICATE OF SERVICE**

    I CERTIFY that I served Plaintiff's motion for extension of time to submit settlement letter upon opposing counsel through the ECF system on October 19, 2020.

                                    */s/ Janaan Hashim*
                                    _____
                                    Plaintiff's Limited Scope Attorney

Janaan Hashim
Amal Law Group, LLC
225 W. Washington Boulevard
Suite 2200
Chicago, Illinois 60606
708-361-3600

5